**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Ramon Varela Becerra**  Case No. **15-10465**

Debtor(s)  Chapter 13 Proceeding

# DEBTOR(S)' CHAPTER 13 PLAN  ☑ *AMENDED*
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

## Plan Summary

A. The Debtor's Plan Payment is scheduled at **$875.00 Monthly** [ ☑ Pay Order, ☐ Direct Pay ] for **60 months**. The gross amount to be paid into the plan is **$52,500.00**.

B. The Plan proposes to pay all allowed priority, special class and secured claims and approximately **1%** of the unsecured allowed claims. THIS PLAN DOES NOT ALLOW CLAIMS. You must file a proof of claim to receive distributions under any plan. Other than adequate protection payments, disbursements will begin after entry of an order of confirmation of the plan.

C. Value of non-exempt assets **$34.00**.

D. Current monthly income **$2,224.17**, - expenses **$1,352.00** = available for plan **$872.17**.

E. The total amount to be paid into the Plan shall be increased for tax refunds as set forth in the Standing Order for Chapter 13 Case Administration in this Division. These additional receipts shall be disbursed according to the provisions of the Plan. The IRS or the Debtor(s) are directed to forward refund to the Trustee.

## Special Plan Provisions
None.

## Plan Provisions

### I. Vesting of Estate Property

Upon confirmation of the plan, all property of the estate shall vest in the Debtor(s), and shall not remain as property of the estate subject to the automatic stay of 11 U.S.C. §362.

### II. Executory Contracts/Unexpired Leases/Contracts for Deed

Pursuant to 11 U.S.C. § 1322(b)(7) of the Bankruptcy Code, the Debtor(s) hereby elects to assume the following executory contracts, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| Cook Portable Buildings | Metal Building | Assumed | Yes |

Pursuant to 11 U.S.C. § 1322(b)(7) of the Bankruptcy Code, the Debtor(s) hereby elects to reject the following executory contracts, if any:

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| (None) | | | |

### III. Specific Treatment for Payment of Allowed Claims

**1. DIRECT PAYMENTS BY DEBTOR TO CREDITORS; SURRENDER OF COLLATERAL**

A. Debtor shall pay the following creditors directly:

| Creditor Name | Remarks | Debt Amount | Monthly Payment |
|---|---|---|---|

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE: **Ramon Varela Becerra**  Case No. **15-10465**

Debtor(s)  Chapter 13 Proceeding

## DEBTOR(S)' CHAPTER 13 PLAN  ☑ *AMENDED*
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

Continuation Sheet # 1

B. Debtor shall surrender the following collateral:

| Creditor Name / Collateral Surrendered | In Full Satisfaction (Yes/No) | Debt Amount |
|---|---|---|
| | | |

C. Creditor's Direct Communication With Debtors

Creditors whose claims are scheduled to be paid directly by the debtor(s), including creditors with claims secured by real property or vehicles, are authorized to send monthly statements to the debtor(s). They are also authorized to communicate directly with the debtor(s) in response to a debtor's questions about monthly payments, escrow accounts, account balances, increases in monthly payments, and other routine customer service inquiries.

## 2. PAYMENTS BY TRUSTEE

A. Administrative Expenses (including Attorney's fees)
*The Trustee may receive up to 10% of all sums received.*

| Creditor | Estimated Amount of Debt | Monthly Payment Amount | |
|---|---|---|---|
| Douglas J. Powell | $2,500.00 | Month(s) 1-16 | $150.00 |
| | | Month(s) 17-17 | $100.00 |

B. Ongoing Mortgage Payments

The Trustee shall pay all post-petition monthly mortgage payments on claims against real property that were delinquent on the petition date ("Ongoing Mortgage Payments"). The Ongoing Mortgage Payments will be in the amount stated in the allowed proof of claim or as fixed by Court order. If the debtor makes a Plan payment that is insufficient for the Trustee to disburse all Ongoing Mortgage Payments required below, such payments will be disbursed in the order listed below. The Trustee shall hold debtor payments until a sufficient amount is received to make a full Ongoing Mortgage Payment. The debtor shall provide to the Trustee all notices received from Mortgage Creditors including statements, payment coupons, impound and escrow notices, default notifications, and notices concerning changes of the interest rate on variable interest rate loans. The automatic stay is modified to permit Mortgage Creditors to issue such notices. Changes to the monthly Ongoing Mortgage Payment or the addition of post-petition mortgage fees and charges shall be effectuated pursuant to the *Standing Order Relating to Ongoing Mortgage Payments in Chapter 13 Cases in the Austin Division.*

| Mortgage Creditor / Property Address | Monthly Mortgage Payment (proof of claim controls) | Monthly Late Charge | Interest Rate (for information only) | Payment Due Date (per contract) | Paid by Trustee OR Paid Direct by Debtor (select one) |
|---|---|---|---|---|---|
| Sunbelt Estates LLC 105 Sandy Oaks Loop, Bastrop, TX | $481.41 | | 0% | | Trustee |

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Ramon Varela Becerra** Case No. **15-10465**

Debtor(s) Chapter 13 Proceeding

## DEBTOR(S)' CHAPTER 13 PLAN ☒ *AMENDED*
### AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 2*

C. Secured Claims - Real Property; Mortgage Arrearage

The plan will cure pre-petition arrearage claims pursuant to the payment schedule set forth in the plan. The amount of the mortgage arrearage claim to be paid through the plan will be the amount of the mortgage creditors' allowed proof of claim, unless a different amount is established by court order. The amount set forth in the proposed plan and any subsequent order confirming the plan is an estimate only and is not binding on the Debtor(s) or the mortgage creditor and is not an admission on the part of the Debtor(s) nor does it prohibit the Debtor(s) from filing an objection to the mortgage creditor's claim. Unless funds are available to pay all classes on a monthly basis, secured claims will be paid ahead of unsecured claims.

| Creditor / Property Address / Description of Collateral | Estimated Claim | Mo. Pmt or Method of Disbursement | Interest Rate (if applicable) | Other Remarks |
|---|---|---|---|---|
| | | | | |

D. Secured Claims - Personal Property; **Adequate Protection Payments;** *MOTIONS TO VALUE COLLATERAL*

The Trustee shall pay allowed secured claims, which require the filing of a proof of claim, to the extent of the value of the collateral or the full amount of the claim, as specified below, plus interest thereon at the rate specified in this Plan. FAILURE OF THE SECURED CREDITOR TO OBJECT TO THE PROPOSED VALUE WILL BE DEEMED ACCEPTANCE OF THE PLAN UNDER SECTION 1325(a)(5)(A). Except for secured claims for which provision is made to pay the full amount of the claim notwithstanding the value of the collateral, the portion of any allowed claim that exceeds the value of the collateral shall be treated as an unsecured claim under Section III(2)(E).

In the first disbursement following the filing of a claim by a creditor holding an allowed claim secured by personal property, the Trustee shall commence making adequate protection payments in the amount set out below, unless otherwise ordered by the Court. Such payments shall cease upon confirmation of the plan.

Unless funds are available to pay all classes on a monthly basis, secured claims will be paid ahead of unsecured claims.

| Creditor/Collateral | Adequate Protection Payment | Other Treatment/Remarks |
|---|---|---|
| Auto Market, Inc. 2002 Ford Explorer | $200.00 | |

The Debtor moves to value collateral described below in the amounts indicated. The Debtor(s) declares, under penalty of perjury, that the foregoing values as stated in the above Motion and the Plan for the secured debt are true and correct and to the best of their knowledge represent the replacement value, pursuant to Section 506(a)(2), of the assets held for collateral.

**/s/ Ramon Varela Becerra**
Ramon Varela Becerra, Debtor

Objections to Valuation of collateral proposed by this plan must be filed no later than fourteen (14) days prior to the confirmation hearing date. If no timely objection is filed, the relief requested may be granted in conjunction with confirmation of the plan. Following confirmation of the plan, monthly payments shall be made as follows:

| Creditor / Collateral | Est. Claim | Value of Collateral | Monthly Payment | Interest Rate | Pay Value of Collateral (OR) Pay Full Amount of Claim (select one) |
|---|---|---|---|---|---|
| Auto Market, Inc. 2002 Ford Explorer | $6,400.00 | $3,000.00 | $150.00 | 3.5% | Pay Full Amount of Claim |

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Ramon Varela Becerra**  Case No. **15-10465**

Debtor(s)  Chapter 13 Proceeding

## DEBTOR(S)' CHAPTER 13 PLAN  ☒ *AMENDED*
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

Continuation Sheet # 3

| | | | | | |
|---|---|---|---|---|---|
| Cook Portable Buildings Metal Building | $300.00 (Arrearage) | $0.00 | Pro-Rata | 0% | Pay Full Amount of Claim |
| Sunbelt Estates LLC 105 Sandy Oaks Loop, Bastrop, TX | $5,000.00 (Arrearage) | $0.00 | Pro-Rata | 0% | Pay Full Amount of Claim |

Secured creditors shall retain their liens on the collateral which is security for their claims until the earlier of the payment of the underlying debt determined under non-bankruptcy law, or discharge under 11 U.S.C. Section 1328. In addition, if this case is dismissed or converted without completion of the plan, such liens shall also be retained by the creditors to the extent recognized by applicable non-bankruptcy law.

E. Priority Creditors

| Creditor | Estimated Amount of Debt | Payment Method 1. Before 2. After 3. Along With Secured Creditors | Monthly Payment or Method of Disbursement |
|---|---|---|---|
| Internal Revenue Service | $2,747.45 | after | Pro-Rata |
| Ector County | $254.00 | along with | Pro-Rata |
| Ector County Compliance Dept | $504.00 | along with | Pro-Rata |

F. General Unsecured Creditors, [including claims from rejection of contracts, leases and contracts for deed]. The Trustee will pay allowed general, unsecured claims unless otherwise ordered by the Court. Unless otherwise provided below, payments to creditors with allowed general unsecured claims shall be made on a pro rata basis as funds become available after payment of other creditors. It is estimated that distribution to the general unsecured creditors will commence in the       **60th**       month of the Plan.

G. Cure claims on Assumed Executory Contracts, Contracts for Deed & Leases:

| Creditor | Estimated Amount of Debt | Payment Method 1. Before 2. After 3. Along With Secured Creditors | Monthly Payment or Method of Disbursement |
|---|---|---|---|

**Totals:**

| | |
|---|---|
| Administrative Claims | **$2,500.00** |
| Arrearage Claims | **$5,300.00** |
| Secured Claims | **$57,895.00** |
| Priority Claims | **$3,505.45** |
| Unsecured Claims | **$35,700.00** |
| Cure Claims | **$0.00** |

IN RE: **Ramon Varela Becerra**     Case No. **15-10465**

Debtor(s)     Chapter 13 Proceeding

## DEBTOR(S)' CHAPTER 13 PLAN    ☒ *AMENDED*
## AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

Continuation Sheet # 4

---

H. Lien Avoidance under 11 U.S.C. § 522(f)

MOTION TO AVOID LIENS UNDER 11 U.S.C. § 522(f)

Debtor moves to avoid the following liens that impair exemptions. Objections to Lien Avoidance as proposed in this plan must be filed no later than fourteen (14) days prior to the confirmation hearing date. If no timely objection is filed, the relief requested may be granted in conjunction with confirmation of the plan. (Debtor must list the specific exempt property said lien impairs and the basis of the lien, i.e. judicial, nonpurchase-money security interest, etc.)

| Creditor / Property subject to lien | Amount of Lien to be Avoided | Remarks |
|---|---|---|
|  |  |  |

## IV. General Information

**Notice:**    **Local Rule 3002 provides, in part:**

*"Every Creditor filing a Proof of Claim in all cases shall transmit a copy with attachments, if any, to the Debtor's Attorney (or the Debtor if the Debtor is pro se)."*

**Limiting Notice After Deadline to File a Proof of Claim:**

    For pleadings requiring notice on all creditors and filed after the deadline to file a proof of claim, parties in interest need only serve the Limited Notice List and the Limited Notice List shall include the following:
    a. the United States Trustee for the Western District of Texas, Austin Division;
    b. the Chapter 13 Trustee for the Western District of Texas, Austin Division;
    c. the Debtor(s) unsecured creditors or their respective counsel, provided however that they filed a claim or notice of appearance;
    d. all secured creditors in this case or their counsel;
    e. all taxing authorities holding claims against the Debtor(s);
    f. all parties who have, by notice of entry of appearance advised the Court and counsel for the Debtor(s) that they desire to receive notices herein;
    g. government agencies required to receive notice under the Bankruptcy Rules and above-named.

Any special concerns of a creditor may justify attendance at the Meeting of Creditors and such other action as may be appropriate under the circumstances. The deadline for the filing of objections to confirmation is fourteen (14) days prior to the confirmation hearing.

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

IN RE: **Ramon Varela Becerra**   Case No. **15-10465**

Debtor(s)   Chapter 13 Proceeding

## DEBTOR(S)' CHAPTER 13 PLAN   ☑ *AMENDED*
### AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

*Continuation Sheet # 5*

Respectfully submitted this date:   **4/20/2015**                           .

**/s/ Ramon Varela Becerra**
Ramon Varela Becerra
105 Sandy Oaks Loop
Bastrop, Texas
(Debtor)

**/s/ Douglas J. Powell**
Douglas J. Powell
820 W. 10th St.
Austin, TX 78701
Phone: (512) 476-2457 / Fax: (512) 477-4503
(Attorney for Debtor)

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE: **Ramon Varela Becerra**  CASE NO. **15-10465**
*Debtor*

CHAPTER **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on April 20, 2015, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

**/s/ Douglas J. Powell**
Douglas J. Powell
Bar ID:
Law Offices of Douglas J. Powell, P.C.
820 W. 10th St.
Austin, TX 78701
(512) 476-2457

---

Austin Energy dba City of Austin Utility
721 Barton Springs Rd.
Austin, TX 78704

Blockbuster
801 E. William Cannon Dr
Austin, Texas 78745

Columbia House
1400 North Fruitridge Avenue
Terre Haute, IN 47811

Austin Radiological Association
P. O. Box 4099
Austin, TX 78765

Capitol Emergency Associates, P.A.
P.O. Box 96118
Oklahoma City, OK 73143-6118

Cook Portable Buildings
1398 TX-95
Bastrop, TX 78602

Auto Market, Inc.
6821 Airport Blvd.
Austin, TX 78752

CMRE Financial
3075 E Imperial Hwy
Suite 200
Brea, CA 92821

Covenant Hospital Levelland
1900 College Ave
Levelland, TX 79336

Basin Emergency Physicians
500 W. 4th Street
Odessa, TX 79761

Collection Resources
1100 S. Main Street, Suite 20
Las Cruces, NM 88005

Credit Management, LP
4200 International Parkway
Carrolton, TX 75007

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE: **Ramon Varela Becerra**　　　　　　　　　　　　　　CASE NO. **15-10465**
　　　　　　　　　　　*Debtor*

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　CHAPTER **13**
　　　　　　　　　　*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #1)

| | | |
|---|---|---|
| Credit Protection Associates<br>13355 Noel Road, Suite2100<br>Dallas, TX  75240 | Internal Revenue Service<br>P. O. Box 7346<br>Philadelphia, PA  19101-7317 | Medicredit Corp.<br>P.O. Box 411187<br>St. Louis, MO 63141-3187 |
| Credit Protection Association, L.P.<br>P.O. Box 9037<br>Addison, TX 75001-9037 | Internal Revenue Service<br>300 E. 8th St.<br>STOP 5022 AUS<br>Austin, TX 78701 | Merchants & Pro. Credit Bureau<br>5508 Parkcrest Dr., Ste. 210<br>Austin, TX  78731-4929 |
| Deborah B. Langehennig<br>3801 Capital of Texas Hwy, Suite 320<br>Austin, TX | J&L Teamworks<br>651 N. Cherokee Lane<br>Lodi, CA  95240 | Michelle V. Friery<br>Crain, Caton & James<br>1401 McKinney St. 17th Floor<br>Houston, TX  77010-4035 |
| Dr. Hamid Ahmadi<br>5820 Covehaven Drive<br>Dallas, TX  75252 | Levelland EMS<br>809 11th Street<br>Levelland, TX  79336 | Midland Pathologist<br>2008 W. Ohio Avenue<br>Midland, TX  79701 |
| Ector County<br>300 N. Grant, Room 111<br>Odessa, TX  79761 | MCH Procare<br>419 West 5th Street<br>Odessa, TX  79761 | Neal Pool Rekers<br>1117 S. Grant Avenue<br>Odessa, TX 79761 |
| Ector County Compliance Dept<br>300 N. Grant, Room 116<br>Odessa, TX  79761 | Medical Business Bureau<br>1460 Renaissance Drive.<br>Park Ridge, IL 60068 | Odessa Physicians Associates<br>520 E. 6th Street<br>Odessa, TX  79761-4527 |
| First Premier Bank<br>P. O. Box 5524<br>Sioux Falls, SD   57117-5524 | Medical Payment Data<br>2150 15th Avenue<br>Vero Beach FL 32960 | Odessa Regional Medical Center<br>520 E. 6th Street<br>Odessa, TX  79761 |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

IN RE: **Ramon Varela Becerra**     CASE NO. **15-10465**
*Debtor*

    CHAPTER **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #2)

Patient Account Services
PO Box 16468
Austin, TX 78761

Sunbelt Estates LLC
xxxx2-181
1718 State Street
Houston, TX 77007

Permian Premier Health Services
520 East 6th Street
Odessa, TX 79761

Sunbelt Estates LLC
1718 State Street
Houston, TX 77007

ProCollect
12170 Abrams Road, Suite 100
Dallas, TX 75243

Tenant Track
500 E 50th Street
Lubbock, TX 79404

R&R Collection Service
1007 W. Illinois Avenue
Midland, TX 79701

Trident Asset Management
PO Box 888424
Atlanta, GA 30356

Ramon Varela Becerra
PO Box 455
Elgin, TX 78621

TXU Energy
1601 Bryan St
Dallas, TX 75201-3430

Spanish Oaks East Peppertree
2261**
4600 Oakwood Drive
Odessa, TX 79761

United Revenue Corp
204 Billings Street, Suite 120
Arlington, TX 76010

State Collection Service
PO Box 6250
Madison, WI 53716-0250