# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| In re: § | | CASE NO. 15-10465-tmd |
| § | | |
| **RAMON VARELA BECERRA,** § | | |
| § | | |
| *Debtor.* § | | Chapter 13 |

## DEBTORS' RESPONSE TO TRUSTEE'S OBJECTION TO CONFIRMATION OF PROPOSED CHAPTER 13 PLAN

**TO THE HONORABLE TONY M. DAVIS, UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW, **RAMON VARELA BECERRA,** "Debtor" herein, and files this his Response to the Trustee's Objection to Confirmation of Proposed Chapter 13 Plan, and would show the Court as follows:

**I.**

The Trustee first objects on the basis that the schedules are inaccurate or incomplete and need to be amended. Debtor has filed amended schedules on June 3, 2015.

**II.**

The Trustee next objects that the Statement of Financial Affairs is inaccurate or incomplete and needs to be amended. Debtor has amended the Statement of Financial Affairs on June 3, 2015.

**III.**

The Trustee next objects that Debtor's plan does not fund sufficiently to pay secured and/or priority claims in full. Debtor would show that he believes his recently filed amended plan does fund sufficiently.

**IV.**

The Trustee next objects that the Debtor is delinquent in the amount of $475.00. Debtor would show that he mailed a money order for the sum of $475.00 on May, 29. 2015 and has provided a copy of the receipt for his payment to the Chapter 13 Trustee.

**V.**

The Trustee next states that tax returns must be filed and/or provided to the Chapter 13 Trustee. Debtor would show that his tax returns have now been completed and have been

submitted to the Trustee and to the Special Procedures Division of the IRS.

**VI.**

The Trustee next states that Debtor must file a Declaration Concerning Confirmation Requirements. Debtor will not be asking for confirmation on June 9, 2012 since an amended plan was very recently filed. A Declaration will be filed prior to a reset confirmation hearing.

**VII.**

The Trustee next requests that an amended pay order be filed. An amended pay order for his new employment has been requested.

**VIII.**

The Trustee next requests pay stubs from Debtor's new job. Debtor would show that the job discussed at the Section 341 meeting did not work out. He has obtained new employment and has not received his first pay stub.

**IX.**

The Trustee next requests proof of post-petition payments for the storage shed scheduled to b paid direct to Cook Portable Buildings. Debtor will be making the post-petition payments within the next few days and will provide proof when he does.

**X.**

The Trustee next objects that the plan does not provide for full receipt of all projected disposable income because the direct payments to Cook Portable buildings will be completed before the plan is finished. Debtor would show that the amended plan filed on June 3, 2015 does provide for a plan payment increase when the aforementioned payments are complete.

**XI.**

The Trustee next objects that the arrearage claim for Cook Portable Buildings is listed in the wrong section of the plan. Debtor would show that the amended plan filed on June 3, 2015 lists the arrearage claim in the correct section.

**XII.**

The Trustee next requests that she be authorized to disburse funds. The Trustee cites neither statutory nor case law authority that supports this request. This request makes her Objection to Confirmation a multifarious pleading. Debtor has no objection to the Trustee paying adequate protection payments to any other creditor entitled to adequate protection payments, now or in the future pursuant to any order subsequently entered by this Court. Debtor

also has no objection to any distributions the Trustee may wish to make under 11 U.S.C. §503(b) as provided for by the statute. However, past that, Debtor objects to this request.

First, in her pleading, the Trustee states no basis for her request that would constitute "cause" and therefore allow her to distribute these funds pursuant to 11 U.S.C. §1326(a)(2). Indeed, there is not even a "cause" exception that would allow a Chapter 13 Trustee to seek or request permission from the Court to distribute the monies received from a Debtor in Bankruptcy other than for adequate protection payments called for under 11 U.S.C. §363 (pursuant to 11 U.S.C. §1326(a)(3)) and administrative claims (i.e. attorney's fees) under 11 U.S.C. §503(b). In fact, such a request flies in the face of the clear statutory language of §1326(a)(2) which states as follows:

> (2) A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).

The plain language of the statute mandates that all monies paid in by the Debtor pre-confirmation *shall* (emphasis added) be retained by the Trustee until the Plan is either confirmed or denied. [See ***In re: Acevedo***, 497 B.R. 112, 116 (Bkrtcy. D. N. M. 2013), ***In re: Halabu***, 501 B.R. 685 (Bkrtcy. E.D. Mich. 2012), ***In re: Lewis***, 346 B.R. 89 (Bkrtcy. E. D. Pa. 2006) and ***In re: Nales Perez***, 506 B.R. 328 (Bkrtcy. D. Puerto Rico 2014)] Unless the Chapter 13 Trustee can show how she would be able to comply with the statutory requirement to "return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b)" in the event that the Debtors Chapter 13 Plan is not confirmed and the case dismissed, then Debtor would show that the Trustee's request is inappropriate and must be denied.

Further, the Trustee has not served this request to disburse funds on the creditors in this case and therefore they have no notice of her desire to do. Additionally, the Trustee specifies neither the amounts that she proposes to distribute nor the creditors to which she proposes to distribute funds and on its face she appears to be asking for unfettered discretion in these areas.

Debtors take the position that before this request can be granted, an independent, non-multifarious pleading must be files and notice sent to all creditors specifying both the amounts the Trustee proposes to pay and the creditors to whom she proposes to make pre-confirmation payments so that all parties in interest may have notice and an opportunity to respond, should they chose to do so.

Debtor would show that he meets the requirements of §1325 and that his Plan should be confirmed by the Court.

**WHEREFORE, PREMISES CONSIDERED, RAMON VARELA BECERRA,** "Debtor" herein, prays that this Court deny the Trustee's Objection to Confirmation of Proposed Chapter 13 Plan and confirm his Chapter 13 Plan as proposed, and for such other and further relief, both general and specific, at law or in equity, to which to Debtor may show himself justly entitled.

Respectfully submitted,

THE LAW OFFICES OF
DOUGLAS J. POWELL, P.C.


 /S/ Douglas J. Powell
Douglas J. Powell
S.B.N. 16194900
Attorney for Debtor
820 W. 10th Street
Austin, TX 78701
(512) 476-2457
(512) 477-4503 facsimile
Email: dpowell@dougpowelllaw.com

## **CERTIFICATE OF SERVICE**

    I verify by my signature below that a true and correct copy of the foregoing document has been forwarded on via U.S. Postal Service, first-class, pre-paid postage to each party listed below on this the 3rd day of June, 2015**.**

                                             <u>/s/ Douglas J. Powell</u>
                                             DOUGLAS J. POWELL

Ramon Varela Becerra
105 Sandy Oaks Loop
Bastrop, Texas

**(and via electronic notice by the Court, to:)**

Debbie Langehennig, Chapter 13 Trustee
U.S. Trustee